UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN ANGELA WINDHAM EL, | Case No. 2:25-cv-1317-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| CHRISTINA L. CHANG, | |
| Defendant. | |

Rosalyn Angela Windham El ("plaintiff") brings this action against Christina L. Chang and makes allegations that are frivolous and incomprehensible. I recommend that this action be dismissed without leave to amend. I will grant the application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff states that the basis for federal question jurisdiction is Article 1, Section 10 of the Constitution, that describes the powers denied to the states.[1] ECF No. 1 at 3. How defendant Chang has violated this section of the constitution is never stated. The complaint is patently frivolous. There are no allegations made against Chang. Instead, the complaint is replete with references to "unauthorized debts," the homelessness crisis, "Moorish Americans," and a "vast estate." *Id.* at 10-16. These references never cohere into any comprehensible allegations, and I find dismissal without leave to amend appropriate because I am convinced that no amendment could save them. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 2005).

---

[1] Plaintiff also alleges that diversity of citizenship exists because defendant Chang is a citizen of "California Corporation 1850," and she is a citizen of the "Kingdom of California." ECF No. 1 at 3. Alleging fictitious states cannot form the basis for diversity of citizenship.

1  It is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is
2  GRANTED.

3  Further, it is RECOMMENDED that plaintiff's complaint, ECF No. 1, be DISMISSED
4  without leave to amend for failure to state a cognizable claim and as frivolous.

5  These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
7  service of these findings and recommendations, any party may file written objections with the
8  court and serve a copy on all parties.  Any such document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
10 within fourteen days of service of the objections.  The parties are advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's order.  See
12 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
13 1991).

IT IS SO ORDERED.

Dated:   May 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3